UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:10-CR-149 |
| V. | ) (PHILLIPS/GUYTON) |
| | ) |
| GARY A. HAWKINS, | ) |
| | ) |
| Defendant. | ) |

## ORDER OF REVOCATION OF PRETRIAL RELEASE AND DETENTION

The above-named defendant, Gary Hawkins ("Hawkins") appeared before the undersigned on December 21 and 22, 2011, for a hearing on a Petition for Action on Conditions of Pretrial Release ("the Petition") [Doc. 530]. Assistant United States Attorney Jennifer Kolman was present representing the government. Attorney Mike Whalen was present representing the defendant. The government moved for detention, and the defendant requested a hearing.

The defendant Hawkins was placed on pretrial release on November 17, 2010, pursuant to an Order [Doc. 32] of this Court. The defendant's release was subject to certain conditions, including but not limited to, the following: that he not violate any federal, state or local law; that he refrain from any use of alcohol and that he participate in a program of substance abuse therapy and counseling if instructed to do so by the probation officer [Doc. 32].

In the Petition, United States Probation Officer Melissa Haduck ("Haduck") states that Hawkins, on February 7, 2011, plead guilty to a charge of public intoxication. The Petition further states that on November 21, 2011, Hawkins plead guilty to another charge of public intoxication.

At the hearing, Hawkins admitted that these allegations of the Petition are true. Therefore, the Court finds the allegation of non-compliance by the probation officer to be credible

and not contradicted by the defendant.

The Court finds that Hawkins knowingly and intentionally violated Conditions 1 and 8 of his conditions of release [Doc. 32]. The Court finds, by clear and convincing evidence, that Hawkins poses a serious risk of danger to the community due to excessive alcohol use, and that no condition or combination of conditions will reasonably assure the safety of the community if the defendant were to remain on bond. Moreover, the defendant has demonstrated through the two convictions noted above that he is not likely to abide by reasonable conditions of release.

Accordingly, the Order Setting Conditions of Release [Doc. 32] is hereby **REVOKED** and the defendant is remanded to the custody of the United States Marshal pending further proceedings in this case.

**IT IS SO ORDERED.**

ENTER:

　　　s/ H. Bruce Guyton　　　
United States Magistrate Judge